IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Dianne C. Morris, | ) | |
| | ) | Civil No. 2:09-CV-1267-DCN |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER AND OPINION** |
| | ) | |
| Metals USA, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the court on plaintiff's motion for sanctions pursuant to Federal Rule of Civil Procedure 37(c)(1). Plaintiff asserts that defendant intentionally failed to disclose both the identity of an investigator who conducted surveillance of plaintiff and a corresponding videotape after receiving plaintiff's interrogatories and requests for production. Defendant filed a response in opposition. For the reasons set forth below, the court grants plaintiff's motion and prohibits defendant from using both the private investigator as a witness and the surveillance videotape as evidence at trial.

### I.  BACKGROUND

On September 2, 2010, plaintiff filed a motion for sanctions pursuant to Rule 37(c)(1). Plaintiff states that "near the end of a miserably failed mediation on August 25, 2010," defendant produced a surveillance videotape of plaintiff, recorded by a private investigator on May 16, 2009. Defendant then disclosed the identity of the investigator on August 30, 2010. Plaintiff claims that defendant was previously served with an interrogatory requiring defendant to identify individuals who investigated the accident on

1

behalf of defendant.

Plaintiff argues that defendant's failure to identify the investigator and videotape until fifteen months after the fact, after all depositions had been taken, and roughly a week prior to the deadline for all discovery to be completed, amounts to a "trial by ambush" and violates the Rule 26 disclosure requirements.  Mot. Sanctions 3.  Plaintiff argues that the court should exclude the investigator, as a witness, and the videotape under Rule 37(c)(1) and the factors listed in Quesenberry v. Volvo Group N. Am., Inc., 267 F.R.D. 475 (W.D. Va. 2010).

Defendant counters that pursuant to Hill v. USA Truck, Inc., No. 8:06-CV-1010, 2007 WL 1574545 (D.S.C. May 30, 2007), defendant is not required to disclose the identity of the investigator and the existence of the videotape because defendant intends to use them solely for impeachment purposes; disclosure is only required under Rule 26 when the evidence also has a substantive purpose and is in response to a specific discovery request.  Defendant argues that plaintiff did not make a specific discovery request for videotapes or surveillance tapes.  Moreover, defendant does not consider the surveillance video as part of its investigation of the accident, and it had not determined that the video would be used for impeachment purposes until it was disclosed on August 25, 2010.

Defendant argues that Quesenberry is not applicable to the instant case because the witnesses in Quesenberry were not being used solely for impeachment purposes; however, if the court finds Quesenberry applicable, defendant argues that the five factors enumerated in that case should not weigh in favor of excluding its investigator or the

videotape.

Plaintiff filed a reply to defendant's response in opposition. Plaintiff first rejects defendant's argument that the videotape will not be used for a substantive purpose. The video is slightly less than forty-seven minutes long and shows plaintiff performing normal daily activities, such as walking, getting into a car, meeting with friends/family, and sitting and conversing in a restaurant. Plaintiff asserts that one of the central issues in this automobile accident case is "the diminution in Plaintiff's quality of life as a result of injuries sustained in the motor vehicle collision." Pl.'s Reply 1. Plaintiff relies on Newsome v. Penske Truck Leasing Corp., 437 F. Supp. 2d 431 (D. Md. 2006), to show that evidence such as the videotape may be considered as both substantive and impeachment evidence.

Plaintiff then rejects defendant's argument that plaintiff never specifically requested disclosure of videotapes or surveillance tapes. Plaintiff cites Samples v. Mitchell, 495 S.E.2d 213 (S.C. Ct. App. 1997), which held that the South Carolina Rules of Evidence[1] define "photographs" in evidentiary matters to include videotapes. Plaintiff specifically requested disclosure of photographs related to the claims or defenses in the case in her first set of interrogatories, and she requested that "all videos" related to the claims and defenses be disclosed in her second request for production on February 3, 2010. Either way, plaintiff argues that defendant should have disclosed the surveillance video and its failure to promptly disclose the video should subject it to "severe sanctions"

---

[1] The Federal Rules of Evidence apply in the instant case, so this argument can be dismissed at the outset.

3

under Rule 37.  Pl.'s Reply 5.

## II.  DISCUSSION

Federal Rule of Civil Procedure 26(a)(1)(A) sets forth the required initial disclosures in discovery:

> (A)  *In General*.  Except as exempted by Rule 26(a)(1)(B) or as otherwise stipulated or ordered by the court, a party must, without awaiting a discovery request, provide to the other parties:
>
> > (i)  the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment;
> >
> > (ii)  a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment[.]
>
> > . . . .

Rule 26(b)(1) defines the scope of discovery:

> (1) ***Scope in General***.  Unless otherwise limited by court order, the scope of discovery is as follows:  Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense—including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter.  For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action.  Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.  All discovery is subject to the limitations imposed by Rule 26(b)(2)(C).

Fed. R. Civ. P. 26(b)(1).  Rule 26(e) gives guidance for supplementing disclosures and responses:

> (1) *In General*.  A party who has made a disclosure under Rule 26(a)—or who has responded to an interrogatory, request for production, or request for admission—must supplement or correct its disclosure or response:
>
>> (A)  in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing; or
>>
>> (B)  as ordered by the court.

Fed. R. Civ. P. 26(e)(1).

If a party fails to make a disclosure or cooperate in discovery, the opposing party can move the appropriate court to compel disclosure or discovery, or seek sanctions, under Rule 37.  "The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."  Fed. R. Civ. P. 37(a)(1).

> *Failure to Disclose or Supplement*.  If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.  In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:
>
>> (A)  may order payment of the reasonable expenses, including attorney's fees, caused by the failure;
>>
>> (B)  may inform the jury of the party's failure; and
>>
>> (C)  may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi).

Fed. R. Civ. P. 37(c)(1).

"The scope and conduct of discovery . . . are within the sound discretion of the district court." Erdmann v. Preferred Research, Inc. of Georgia, 852 F.2d 788, 792 (4th Cir. 1988) (citing Lewis v. Bloomsburg Mills, Inc., 608 F.2d 971, 973 (4th Cir. 1979)). "District courts enjoy nearly unfettered discretion to control the timing and scope of discovery and impose sanctions for failures to comply with its discovery orders." Hinkle v. City of Clarksburg, W. Va., 81 F.3d 416, 426 (4th Cir. 1996) (citing Mut. Fed. Sav. & Loan Ass'n v. Richards & Assocs., Inc., 872 F.2d 88, 92 (4th Cir. 1989)).

Plaintiff's motion for sanctions raises two issues. The first is whether the identity of the investigator, and more importantly the surveillance videotape, have a substantive purpose, in addition to an impeachment purpose, and therefore require disclosure under Rule 26. If the answer to this question is yes, the second issue is whether the evidence should be excluded and other sanctions imposed pursuant to Rule 37(c)(1).

Defendant cites Hill v. USA Truck, Inc., No. 8:06-CV-1010, 2007 WL 1574545, at *12 (D.S.C. May 30, 2007), which quotes the following excerpt from Newsome v. Penske Truck Leasing Corp., 437 F. Supp. 2d 431, 434 (D. Md. 2006): "[E]vidence withheld as *solely for impeachment* evidence must be produced: (1) whenever the evidence also has a substantive purpose, and (2) if it would be responsive to a specific discovery request."[2]  (Emphasis in original). Defendant argues that its decision to

---

[2]The wording of this holding is somewhat misleading. It appears that a party would be required to produce evidence withheld solely for impeachment if both conditions (1) and (2) are satisfied. However, the opinion discusses each condition separately as a basis for producing impeachment evidence. Thus, impeachment evidence that could be used for substantive purposes must be disclosed under Rule 26(a), and all impeachment evidence is discoverable in response to a specific request under Rule 26(b). Id. at 435-37.

withhold for approximately fifteen months the identity of a private investigator who produced a surveillance videotape of plaintiff does not run afoul of Rule 26(a) or (e) because it plans to use this witness and videotape solely for impeachment purposes.

> Statements are useful as substantive evidence if they relate to a plaintiff's prima facie case or a defendant's affirmative defenses. Impeachment evidence is used to encourage the trier of fact to look critically at whether the evidence should be believed. In the ordinary case, impeachment evidence has no substantive purpose. However, certain evidence must be classified as enjoying membership in both definitions. "Evidence that impeaches by contradiction, and is not collateral, can be both substantively admissible, as well as admissible for its impeachment value."

Newsome, 437 F. Supp. 2d at 435 (quoting Behler v. Hanlon, 199 F.R.D. 553, 558 (D. Md. 2001)). "'Even those who have been most concerned about protecting impeachment material recognize that substantive evidence must be subject to discovery even though it also tends to contradict evidence of the discovering party.'" Newsome, 437 F. Supp. 2d at 436 (quoting 8 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 2015 (2d ed. 1994)). The Newsome court agreed with the First and Seventh Circuits, finding that "impeachment evidence admissible for substantive purposes is subject to the automatic disclosure provisions of Rule 26(a)." Newsome, 437 F. Supp. 2d at 436. In addition, the Newsome court held that "[a] party must disclose impeachment evidence in response to a specific discovery request." Id.

Here, the court finds that the identity of the investigator, as a witness, and more importantly, the surveillance videotape, could be used for a substantive purpose. An essential component of plaintiff's negligence and gross negligence claims is the damages suffered by plaintiff, including physical and mental pain and suffering, and loss of

enjoyment of life, among others. Compl. ¶ 4. Even though it may also be used for impeachment purposes, testimony and video footage reflecting that plaintiff can participate in normal daily activities could directly undermine the damages component of her claims. In a case similar to the instant case, a West Virginia district court compelled production of a surveillance videotape in a truck collision case, holding that "[a]s evidence that bears directly on the plaintiff's physical condition, the surveillance evidence is relevant to the subject matter of the case" and finding that the video was discoverable under Rule 26(b)(1). Gutshall v. New Prime, Inc., 196 F.R.D. 43, 45 (W.D. Va. 2000).

In her first set of interrogatories, to which defendant responded on December 9, 2009, plaintiff requested, "6. All information and documents which could, or will, be used at trial or during discovery for impeachment purposes." Mot. Sanctions Ex. 1. Plaintiff requested the same information in her first request for production, to which defendant also responded on December 9, 2009. In each instance, defendant replied, "The defendant has not determined what documents may be used at trial as direct evidence or impeachment evidence; however, any and all documents produced through discovery may be used." Resp. Opp'n Exs. 1, 3. Plaintiff then submitted a second request for production on February 3, 2010. In this request, she requested that defendant "[p]rovide all videos, photographs, plats, sketches or other prepared documents in the possession of the Defendant or counsel that relate to all claims and defenses in the case." Mot. Compel April 21, 2010, Ex. 2; Pl.'s Reply Ex. 2. As noted above, defendant announced its intention to use the surveillance videotape as impeachment evidence on August 25, 2010, and it submitted supplemental answers to plaintiff's first set of

interrogatories, formally identifying both the videotape and the investigator who obtained the tape, on August 30, 2010.

The court notes that plaintiff's impeachment-related requests are not specific; however, in her second request for production, she specifically asked for "all videos" related to "all claims and defenses." In Gutshall, the plaintiff submitted an interrogatory specifically asking if defendant conducted any surveillance of the plaintiff, and later asked for any documents or things related to any "visual depiction" of any person involved in the truck collision. 196 F.R.D. at 44. Finding that the private investigator, as a witness, and the surveillance videotape have a substantive purpose, the court next turns to whether this evidence should be excluded and other sanctions imposed pursuant to Rule 37.

"The language of Rule 37(c)(1) provides two exceptions to the general rule excluding evidence that a party seeks to offer but has failed to properly disclose: (1) when the failure to disclose is 'substantial[ly] justifi[ed],' and (2) when the nondisclosure is 'harmless.'" S. States Rack & Fixture, Inc. v. Sherwin-Williams Co., 318 F.3d 592, 596 (4th Cir. 2003). "Rule 37(c)(1) does not require a finding of bad faith or callous disregard of the discovery rules." Id. "In addition, excluding evidence only when the nondisclosing party acted in bad faith would undermine the basic purpose of Rule 37(c)(1): preventing surprise and prejudice to the opposing party." Id. (citations omitted).

> We therefore hold that in exercising its broad discretion to determine whether a nondisclosure of evidence is substantially justified or harmless for purposes of a Rule 37(c)(1) exclusion analysis, a district court should be guided by the

> following factors: (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence.[3]

Id. at 597.

In the instant case, the "surprise" factor clearly weighs in favor of plaintiff. Defendant waited approximately fifteen months after it had its investigator produce the videotape, and six months after receiving a specific request for production of "all videos" related to all "claims and defenses in the case," before revealing that it conducted surveillance and recorded video footage of plaintiff. Although an argument can be made that the investigator and surveillance videotape could be used for impeachment purposes, the element of surprise is enhanced because this evidence goes to the substance of plaintiff's negligence and gross negligence claims, specifically the damages component of each claim.

As a result of defendant's decision to disclose the existence of the surveillance videotape on the date of the mediation, and the identity of the investigator five days later, the court finds that plaintiff's ability to cure the surprise was effectively negated because plaintiff, her daughter, and one of plaintiff's treating physicians, Dr. Thomas Roush, had already been deposed, the parties were in the process of mediating the case, and the discovery deadline was less than a week away. Therefore, plaintiff could not present testimony addressing her ability to perform the activities captured on the surveillance

---

[3] These factors are the exact same factors cited by the Quesenberry court. 267 F.R.D. at 478.

videotape.

Defendant argues that "[v]ideo for impeachment purposes is allowed at trial on a regular basis and certainly would not disrupt the trial of the case." Resp. Opp'n 5. While perhaps not weighing heavily in plaintiff's favor, it is arguable that having to address the issue of whether the nondisclosed evidence is substantive in addition to impeachment evidence at trial may cause some degree of disruption or delay.

The court has determined that the identity of the investigator and the surveillance videotape, itself, constitute substantive evidence. Both the investigator's testimony at trial and the content of the surveillance videotape may contradict plaintiff's claims regarding her physical condition and the damages she seeks. Consequently, the evidence at issue is important in the case.

As the final point in the analysis, the court does not accept defendant's threadbare argument that it simply made a determination that the identity of the investigator and the surveillance videotape were only to be used for impeachment purposes; therefore, no disclosure was necessary.[4] The court also finds unacceptable defendant's argument that it was not required to disclose the identity of its private investigator or the surveillance videotape in response to plaintiff's second set of interrogatories. In plaintiff's second set of interrogatories, to which defendant responded on May 4, 2010, plaintiff made the following request: "5. Please state any and all parties who have investigated this matter for you or your agents or representatives. Please include the dates, type of investigation,

---

[4] When pressed for a more detailed explanation for its failure to disclose the evidence at the hearing, defense counsel was unable to offer anything beyond this statement.

and the person who investigated all such matters.  Also, please include the names and last known address of each person who was present during such investigation."  Resp. Opp'n Ex. 4.  Defendant argues that it did not consider the private investigator or the surveillance video to be part of the accident investigation.  Defendant's interpretation of "investigation" encompasses only the investigation of the events at the scene of the accident involving plaintiff and defendant's driver, Melvin Foss.  The court finds defendant's position to be disingenuous at best.  Interrogatory Number 5 in the second set of interrogatories specifically requests the identity of all persons investigating "this matter" for defendant, not just the accident scene alone.  Id.  Interrogatory Number 5 also asks defendant to specify the "type of investigation," which would lead a reasonable reader to believe that plaintiff desires information about *any* investigations related to, but outside of, the accident scene.  Id.

Pursuant to Rule 37(c)(1), the court finds that defendant failed to disclose the identity of the private investigator and the surveillance videotape recorded by the investigator in violation of Rule 26(a) and (e).  This failure on the part of defendant, while not in bad faith, was not substantially justified nor harmless, and as a result, the court prohibits the use of both the private investigator as a witness and the surveillance videotape as evidence at trial.  The court does not find that additional sanctions are warranted.

### III.  CONCLUSION

For the reasons above, the court **GRANTS** plaintiff's motion and prohibits defendant from using both the private investigator as a witness and the surveillance

videotape as evidence at trial.

      **AND IT IS SO ORDERED**.

_____
**DAVID C. NORTON**
**CHIEF UNITED STATES DISTRICT JUDGE**

**January 11, 2011**
**Charleston, South Carolina**